**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| H.D., *et al*,<br><br>                 Plaintiffs,<br><br>     v.<br><br>WEST ORANGE BOARD OF EDUCATION,<br><br>                 Defendant. | Civil Action No. 22-6274 (JXN)(JBC)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiffs H.D. and N.A. on behalf of N.D.'s (collectively, "Plaintiffs") appeal of Magistrate Judge Clark's December 9, 2024 Order (1) denying Plaintiffs' motion to compel discovery; (2) denying Plaintiffs' motion to disqualify and sanction Defendant West Orange Board of Education's ("Board") counsel; and (3) setting a summary judgment briefing schedule. (ECF No. 58.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, Judge Clark's December 9, 2024 Order (ECF No. 47) is **AFFIRMED**.

**I.      BACKGROUND**

**A.      Statement of Facts**

At the time Plaintiffs filed this lawsuit, N.D. was a ninth grader in the West Orange school district. (Compl. ¶ 6, ECF No. 1.) H.D. and N.A. are N.D.'s parents. (*Id.* ¶ 7.) N.D. was diagnosed with auditory processing disorder ("APD"). (*Id.* ¶ 9.) During the summer of 2019, the Board

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

offered N.D. an individualized education plan ("IEP"), which H.D. and N.A. objected to. (*Id.* ¶ 10.) Nevertheless, Plaintiffs allege the Board forced N.A. into the IEP as "retaliation." (*Id.* ¶ 11.)

Plaintiffs filed a due process petition contesting the IEP, which proceeded before an administrative law judge ("ALJ").[2] (*Id.* ¶ 16.) The ALJ held a settlement conference, which Plaintiffs claim resulted in an oral settlement ("Oral Agreement"). (*Id.* ¶¶ 17–18.) Plaintiffs allege the ALJ memorialized the terms of the Oral Agreement on the record. (*Id.* ¶ 19.) However, Plaintiffs assert that the Board later approved a settlement document ("Approved Settlement") that materially differed from the Oral Agreement. (*Id.* ¶¶ 22–23.)

After the Board offered N.D. another IEP, Plaintiffs filed another due process petition to an ALJ[3] and moved to enforce the Oral Agreement. (*Id.* ¶ 25.) The ALJ denied Plaintiffs' motion to enforce the Oral Agreement in a June 9, 2022 Order. (*See* Jun. 9, 2022 Order, ECF No. 1-3 at *1–10.) The ALJ concluded that, based on well-established contract formation principles, "it [was] apparent that there was no enforceable contract formed between [Plaintiffs] and the Board during" the settlement conference before the ALJ. (*Id.* at 9.) First, the ALJ found that

> a review of the transcript and subsequent communications between [Plaintiffs] and [the Board] clearly establishes that the terms put on the record were not intended to be final. The record reveals that [the Board's attorney] was expressly instructed by [the ALJ] to memorialize the terms discussed on the record into a written settlement agreement. During this appearance [the ALJ] also stated: "I look forward to seeing the settlement agreement and I look forward to getting it signed and be done with."

(*Id.*) The ALJ also noted that

> counsel for the Board lacks the authority to agree to a settlement agreement without first obtaining the Board's approval. While [Plaintiffs] explicitly agreed to the terms that were put on the record, the Board did not. Board counsel sent a written memorialization to [Plaintiffs] on October 7, 2020, which [Plaintiffs] expressly rejected.

---

[2] ALJ Thomas Betancourt initially heard the matter.

[3] Following ALJ Betancourt's recusal, ALJ Julio C. Morejon heard this matter.

(*Id.*) Because the parties agreed that terms of the Approved Settlement differed from the Oral Agreement, the parties lacked mutual assent, and the Oral Agreement was unenforceable. (*Id.* at 10.)

Two months later, the ALJ consolidated several petitions filed by Plaintiffs in an August 31, 2022 Consolidation Order. (*See* Aug. 31, 2022 Order, ECF No. 1-3 at *11–22.) Finally, on September 13, 2022, the ALJ granted the Board's motion for summary decision and dismissed Plaintiffs' consolidated petitions. (*See* Sept. 13, 2022 Order, ECF No. 1-3 at *28–50.)

## B.    Procedural History

On October 26, 2022, Plaintiffs brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. Plaintiffs appeal: (1) the ALJ's June 9, 2022 Order denying Plaintiffs' motion to enforce the Oral Agreement; (2) the ALJ's August 31, 2022 Order consolidating Plaintiffs' petitions; and (3) the September 13, 2022 Order granting the Board's motion for summary disposition. (*See* Compl.)

The matter proceeded to discovery, where three disputes arose about the adequacy of the Board's responses to Plaintiffs' requests. (*See* Pls.' Mot. to Compel., ECF No. 39; Def.'s Opp'n, ECF No. 40.) First, Plaintiffs sought responses to their interrogatories from two Board employees and a former Board member—none of whom are parties to the current action. (*See* Pls.' First Interrogs., ECF No. 32.) The Board's current Executive Director of Special Services answered the Interrogatories and provided objections. (*See* Def.'s Reply to Interrogs., ECF No. 58-1 at *123–25.)

Next, Plaintiffs' Document Request No. 1 sought all

Written procedures, policies, directives, rules, and protocols issued by the [Board] concerning the delegation of due process and dispute resolution, encompassing aspects such as legal authority and responsibility, delegation of authority,

3

settlement authority, reporting requirements, approval process, confidentiality and privilege, and review and evaluation, particularly concerning special education.

(Req. for Docs. at *3, ECF No. 31-2.) The Board responded that no such documents were within its care, custody, or control. (*See* Def.'s Opp'n at 2.) However, the Board consented to Plaintiffs "propounding an additional interrogatory . . . addressing this information." (*Id.*)

Finally, Plaintiffs' Document Request No. 3 sought

A copy of the [Board's] regulations, policies, practices, and procedures for special education, consistent with New Jersey laws and the Individuals with Disabilities Education Act (IDEA). This should include, but not be limited to, guidelines for assessments and the foundation for Individualized Education Program (IEP) planning, criteria for selecting members of the IEP team, and the responsibilities of case managers, service providers and teachers…..etc.

(Req. for Docs. at *3.) The Board produced "all District Policies relating in any way to special education." (Def.'s Opp'n at 2.) However, the Board explained that "[n]o other documents responsive to Request No. 3 are in the Board's care, custody, or control." (*Id.*)

Thereafter, Plaintiffs filed a motion to compel the non-party Board employees and members to answer Plaintiffs' interrogatories, to compel production of documents responsive to Requests Nos. 1 and 3, and to disqualify the Board's counsel due to a purported conflict of interest. (*See* Pls.' Mot. at 3–4.) The Board opposed. (*See* Def.'s Opp'n.)

Judge Clark held a hearing on Plaintiffs' motion on December 9, 2024. (*See* Tr., ECF No. 58-1.) Starting with the motion to compel discovery, Judge Clark remarked that

Interrogatory Request Number 1 sought Board written procedures, policies, directive, rules and protocols concerning legal authority and responsibility, delegation of authority, settlement authority, reporting requirements, approval process, confidentiality and privilege, and review and evaluation, particularly concerning special education.

That is, frankly, overbroad. There's no way any person to whom that was directed would be able to answer that with any confidence that they were giving you what you need and what you are entitled to.

(*Id.* at 3:16–4:1.) After the Board's counsel stated that all documents the Board produced were

responsive to Plaintiffs' interrogatory, Judge Clark addressed Plaintiffs and stated:

> If [the Board's attorney] has represented, as an officer of the Court, that he has given you everything that he's got, it's time to move on. There is -- I mean, I am not even sure that there is an entitlement to discovery in this kind of a case. This is an administrative review of a decision by a board of education in the state court, and we provided a -- or we permitted discovery so that there wouldn't be any loose ends.
>
> But, again, I could have forced everybody to brief the question of whether there's even an entitlement to discovery here. And I am not sure what the answer would be. But [the Board's attorney] agreed to provide what he has to you. He has represented that he's provided what he has to you. There is nowhere else to go with this. I mean, I can engage in procedural niceties for another six months, and you're just postponing your opportunity to make a summary judgment and have this thing decided by Judge Neals. So at this point, that's where I'm going. I'm going to give you dates to file summary judgment motions and let the judge decide this dispute.

(*Id.* at 5:20–6:14.) After denying Plaintiffs' motion to compel discovery, Judge Clark turned to

Plaintiffs' motions to disqualify the Board's counsel and for sanctions. He denied both, stating:

> I don't see any grounds for granting a motion for disqualification of counsel. The knowledge that counsel's alleged to have is the knowledge that any counsel who handles cases at the administrative level and at the district court level would have, and we don't disqualify counsel for those reasons.
>
> And I don't see any ground for imposing sanctions on either side. I have every reason to believe that [the Board's counsel] received the requests from [Plaintiffs], has provided what he's got, and it's time to move on to summary judgment motions.

(*Id.* at 7:25–8:10.) Judge Clark then set a January 31, 2026 filing date for summary judgment

motions. (*Id.* at 8:22.) Judge Clark memorialized his decision in a December 9, 2024 Order. (Dec.

9, 2024 Order, ECF No. 47.)

Plaintiffs timely appealed the Order, but failed to provide a transcript of the December 9,

2024 conference. (*See* Sept. 15 Order, ECF No. 56.) The Court, accordingly, dismissed the appeal

without prejudice to refile with the transcript. (*Id.*) Plaintiffs then refiled their appeal on October 13, 2025. (*See* Pls.' Appeal, ECF No. 58.)

## II.    LEGAL STANDARD

A magistrate judge may decide any non-dispositive pretrial issue. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This Court hears appeals of non-dispositive magistrate judge orders and reviews only whether the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous only if the Court has "the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted). A ruling is not clearly erroneous "simply because [the reviewing court] is convinced that it would have decided the case differently." *Id.* A ruling is contrary to law "only if the magistrate judge misinterpreted or misapplied governing legal principles." *Jones v. PHH Mortg. Corp.*, 814 F. Supp. 3d 531, 533 (D.N.J. 2026).

A magistrate judge's discovery orders are reviewed for abuse of discretion. *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 236 (D.N.J. 2022). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Id.* at 237 (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)). The appealing party has the burden of demonstrating the Magistrate Judge's decisions were clearly erroneous, contrary to law, or an abuse of discretion. *Id.* "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Id.* (quoting *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007)).

6

## III.    DISCUSSION

### A.    Judge Clark did not Abuse his Discretion in Denying the Discovery Motion

"A District Court can review only the record before the magistrate judge when determining whether to reverse a magistrate judge's discovery order." *Miller v. Saucedo*, No. 20-13566, 2025 WL 1806615, at *3 (D.N.J. July 1, 2025). The Court will not overturn a magistrate judge decision based on arguments, evidence, or case law the magistrate judge did not hear. *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 210–12 (D.N.J. 1997). "This sound judicial policy prevents a litigant from taking an extra swing at the ball. Specifically, a litigant may not await the court's decision on the merits and, then, unhappy with the result below, raise a new issue on appeal." *Jordan v. Tapper*, 143 F.R.D. 567, 570 (D.N.J. 1992)

In their appeal, Plaintiffs argue that the Board's "boilerplate" objections to Plaintiffs' interrogatories violated the Rules, citing out-of-circuit cases from around the country. (*See* Pls.' Appeal at *3–4.) Plaintiffs also assert that the discovery they seek is relevant and proportional and denying access to the documents requested in Requests Nos. 1 and 3 would cause prejudice. (*See id.* at *4.) Plaintiffs neither presented the out-of-circuit cases to Judge Clark nor argued before Judge Clark that the discovery requests were relevant and proportional and denial would cause prejudice. The Court need not consider those newly raised arguments here.

In any event, Judge Clark did not abuse his discretion in denying Plaintiffs' motion to compel responses to Document Requests Nos. 1 and 3. Judge Clark reasonably concluded Request No. 1 is overly broad, the request is vague, spans a potentially enormous number of documents, has no temporal limitation, and would unduly burden the Board, considering the limited relevance of those documents to an IDEA appeal. *See Campbell v. Sedgwick, Detert, Moran & Arnold*, No. 11-642, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) (noting "a court may find discovery is

overbroad based on lack of temporal, geographic, or subject matter limitations."). Further, the Board stated that it produced all documents responsive to both requests. Parties may request the production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. Plaintiffs, dissatisfied with the information they received, seek additional documents, but the Board has explained that it has none. Parties cannot produce—and are not compelled to produce—what they do not have. Therefore, Judge Clark did not abuse his discretion in concluding that the Board complied with its discovery obligations in responding to Requests Nos. 1 and 3.

**B.      Judge Clark did not Clearly Err in Denying the Disqualification Motion**

Plaintiff asserts that the Board's counsel should have been disqualified under ABA Model Rule of Professional Conduct 3.7. Judge Clark concluded no basis for disqualification existed. The Court agrees.

New Jersey's Rules of Professional Conduct ("RPC") govern the conduct of attorneys appearing in this District. L. Civ. R. 103.1(a). Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). In deciding a disqualification motion, the Court "must balance the need to maintain high professional standards against the deference owed to a party's choice of counsel." *Gillespie v. Newark Bd. of Educ.*, No. 21-18990, 2024 WL 2354502, at *4 (D.N.J. May 23, 2024) (citing *Dantinne v. Brown*, No. 17-486, 2017 WL 2766167, at *2 (D.N.J. June 23, 2017)). The moving party "carries a heavy burden and must satisfy a high standard of proof." *El Mujaddid v. Wehling*, No. 25-738, 2026 WL 594048, at *4 (D.N.J. Mar. 3, 2026) (quoting *Essex Chem. Corp. v. Hartford Accident & Indem. Co.*, 993 F. Supp. 241, 246 (D.N.J. 1998)). "The motion must be supported by facts that must be closely scrutinized 'to prevent unjust results.'" *Gillespie*, 2024 WL 2354502, at

8

*4 (quoting *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996)). "[S]urmise alone cannot support an order of disqualification." *Id.* (quoting *Carreno v. City of Newark*, 834 F. Supp. 2d 217, 224 (D.N.J. 2011)). "Even when an ethical conflict exists (or is assumed to exist), a court may conclude based on the facts before it that disqualification is not an appropriate remedy." *In re Boy Scouts of Am.*, 35 F.4th 149, 160 (3d Cir. 2022).

Plaintiffs seek disqualification based on RPC 3.7, which provides

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

RPC 3.7(a). To show an attorney is likely to be a "necessary witness," the moving party "must present evidence the attorney possesses crucial information that 'cannot be obtained through any other means, including through alternative witnesses.'" *Esposito v. Ridgewood Bd. of Educ.*, No. 19-19030, 2021 WL 2910750, at *3 (D.N.J. July 12, 2021) (quoting *Dantinne v. Brown*, No. 17-486, 2017 WL 2766167, at *4 (D.N.J. June 23, 2017)). An attorney is not a necessary witness if their "knowledge of the relevant facts came from conversations with clients and the facts are well within the clients' personal knowledge." *Gillespie*, 2024 WL 2354502, at *4 (cleaned up) (quoting *Capps v. Dixon*, No. 20-1118, 2023 WL 8257995, at *7 (D.N.J. Nov. 28, 2023)). To disqualify an attorney, the moving party "must do more than simply make a representation that a lawyer is a necessary witness." *Dantinne*, 2017 WL 2766167, at *4 (citing *J.G. Ries & Sons, Inc. v. Spectraserv, Inc.*, 384 N.J. Super. 216, 230 (App. Div. 2006)). "If it is unclear from the record as to whether the attorney's testimony is necessary, the motion should be denied." *Esposito*, 2021 WL 2910750, at *3 (quoting *Dantinne*, 2017 WL 2766167, at *4).

9

Having reviewed the record, Judge Clark correctly determined that Plaintiffs failed to meet their "heavy burden" of proving disqualification. Before Judge Clark, Plaintiffs argued the Board's attorney was a "material witness" because of his "involvement in key events, including the October 6, 2020, settlement hearing, the November 16, 2020, West Orange Board of Education meeting, and the August 27, 2019, IEP meeting." (*See* Pls.' Moving Br. at *3; Pls.' Letter to Judge Clark, ECF No. 35.) But the question, under RPC 3.7, is whether the Board's attorney is a *necessary* witness, not just a *material* one. A necessary witness (a) possesses crucial information that (b) cannot be obtained through any other means, including through other witnesses. *Esposito*, 2021 WL 2910750, at *3. Others attended the three meetings about which Plaintiffs seek information. Accordingly, Plaintiffs can call such persons as witnesses instead. Because Plaintiffs can obtain the Board attorney's information through other means, the Board's attorney is not a necessary witness. Consequently, Plaintiffs failed to meet their heavy burden of proving disqualification.[4]

### C.     Judge Clark did not Clearly Err in Denying the Sanctions Motion

Before Judge Clark, Plaintiffs sought sanctions against the Board's attorney for "his attempts to pressure the Plaintiffs into reducing the scope and detail of their interrogatories," which "appeared to be aimed at diverting interrogatories from their intended objectives, thereby obstructing the Plaintiffs' efforts to gather precise information and testimony." (Pls.' Mot. at 3.) Plaintiffs refer to an email exchange between the parties wherein the Board requested that Plaintiffs

---

[4] For the first time on appeal, Plaintiffs argue the Board's attorney is a necessary witness because only he can make legal interpretations about the ALJ's decision regarding the IEP. Because Plaintiffs failed to brief the issue before Judge Clark, the Court need not consider it now. *Lithuanian Com. Corp.*, 177 F.R.D. at 210–12. Moreover, Plaintiffs' argument does not warrant disqualification. Witnesses cannot give legal opinions. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("[A]n expert witness is prohibited from rendering a legal opinion."); *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury . . . ."). To the extent Plaintiffs would ask the Board's attorney to conduct a legal analysis of the ALJ's decision, such testimony would not be admissible. Even if it were, another attorney could interpret an ALJ's decision, and it is not clear how such an interpretation would be necessary.

revise their interrogatories so that they contained five single questions. (*See* ECF No. 39-1 at \*149.) Otherwise, the Board indicated it would answer only the first five questions. (*Id.*)

Judge Clark concluded there was no basis upon which to impose sanctions. The Court agrees.

First, sanctions are unwarranted under Rule 11. Rule 11(b) "requires parties to certify that (1) their pleadings are not presented for any improper purpose, such as to harass or to delay the litigation; (2) the claims are warranted by existing law; and (3) the factual allegations are supported by evidence." *Farina v. Omari*, No. 24-11098, 2026 WL 87073, at \*1 (D.N.J. Jan. 12, 2026). Rule 11(c) "permits a party to move for sanctions on a party or attorney who violates Rule 11(b)." *Dean v. Take Flight, LLC*, No. 25-172, 2026 WL 755807, at \*2 (D.N.J. Mar. 2, 2026) (citing Fed. R. Civ. P. 11(c)(1)–(2)). Rule 11 sanctions are reserved for "exceptional circumstances." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). However, Plaintiffs' motion for sanctions is defective under Rule 11. First, Rule 11 does not apply to discovery conduct, requiring denial. Fed. R. Civ. P. 11(d). Second, a Rule 11 sanctions motion "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). To the extent Plaintiffs seek sanctions under Rule 11, they failed to serve the motion separately, similarly requiring denial. *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125–26 (3d Cir. 2012) (affirming denial of Rule 11 sanctions motion for failure to comply with mandatory service procedure).

To the extent Plaintiffs seek sanctions under Rule 37, that motion similarly fails. Rule 37 allows the Court to sanction a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The party moving for Rule 37 sanctions "must first show that there has been a violation of the rules of discovery or the orders of the court." *Perciballi v. Mountain Creek Resort Inc.*, No. 23-948, 2026 WL 241850, at \*3 (D.N.J. Jan. 29, 2026). Yet as Judge Clark

found and the record confirms, the Board did not disobey an order or violate a discovery rule. Rather, Judge Clark ordered that Plaintiffs could serve interrogatories limited to five single questions. (*See* Apr. 8, 2024 Order, ECF No. 30.) Plaintiffs' interrogatory questions contained multiple subparts. (*See* Pls. Interrogs.) The Board requested Plaintiffs revise their interrogatories, which Plaintiffs appear to have agreed to. (*See* ECF No. 39-1 at *149–52.) The Board did not engage in sanctionable discovery conduct because Plaintiffs voluntarily revised their interrogatories to comply with Judge Clark's prior orders.

In sum, Judge Clark did not err in denying Plaintiffs' request for sanctions.

**D.      Judge Clark did not Err in Setting a Summary Judgment Schedule**

Plaintiffs argue Judge Clark erred in setting a summary judgment briefing schedule because of unresolved factual disputes and incomplete discovery. The Court disagrees.

Under Rule 56(b), parties may move for summary judgment at any time within thirty days of the close of discovery unless "the court orders otherwise." Judge Clark, having correctly determined that no unresolved factual issues remained and discovery was substantially complete, did not clearly err in directing the parties to file motions for summary judgment.

In any event, "[a] district court may grant summary judgment before discovery is completed as long as the party opposing summary judgment has had 'an adequate opportunity to obtain discovery.'" *Smith v. Depuy Orthopaedics Inc.*, 552 F. App'x 192, 195 (3d Cir. 2014) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 138–39 (3d Cir. 1988)). If the party opposing summary judgment feels they need more time for discovery, they may follow the procedure set forth in Rule 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or

12

(3) issue any other appropriate order.

The affidavit must specify "for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling*, 855 F.2d at 140.

Therefore, if Plaintiffs believe they need more discovery to justify their opposition to the Board's forthcoming summary judgment motion, they may oppose the Board's motion with a Rule 56(d) affidavit. But, at this juncture, Judge Clark's decision to set a summary judgment briefing schedule was not clearly erroneous or contrary to law.

A district judge may reverse a magistrate judge's determination of a non-dispositive issue if it is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1)(A). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Plaintiffs have not met their burden.

## IV.    **CONCLUSION**

For the foregoing reasons, Judge Clark's December 9, 2024 Order (ECF No. 47) is **AFFIRMED** and Plaintiffs' appeal (ECF No. 58) is **DENIED**.

**DATED: 5/4/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**