**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| H.D., *et al*,<br><br>               Plaintiffs,<br><br>v.<br><br>WEST ORANGE BOARD OF<br>EDUCATION,<br><br>               Defendant. | Civil Action No. 22-6274 (JXN)(JBC)<br><br><br>**OPINION** |

**NEALS**, District Judge

This is a motion for reconsideration. On May 4, 2026, the Court affirmed Magistrate Judge Clark's December 9, 2024 Order denying, in relevant part, Plaintiffs H.D. and N.A. on behalf of N.D.'s (collectively, "Plaintiffs") motion to compel discovery from Defendant West Orange Board of Education ("Board"). (ECF Nos. 61, 62.) Plaintiffs now move for the Court to reconsider affirming Judge Clark. (*See* ECF No. 66.) The Board did not file a response. The Court has carefully considered Plaintiffs' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons that follow, the motion for reconsideration is **DENIED**.

**I.     BACKGROUND**

**A.     Statement of Facts**

At the time Plaintiffs filed this lawsuit, N.D. was a ninth grader in the West Orange school district. (Compl. ¶ 6, ECF No. 1.) H.D. and N.A. are N.D.'s parents. (*Id.* ¶ 7.) N.D. was diagnosed with auditory processing disorder ("APD"). (*Id.* ¶ 9.) During the summer of 2019, the Board

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

offered N.D. an individualized education plan ("IEP"), which H.D. and N.A. objected to. (*Id.* ¶ 10.) Nevertheless, Plaintiffs allege the Board forced N.D. into the IEP as "retaliation." (*Id.* ¶ 11.)

Plaintiffs filed a due process petition contesting the IEP, which proceeded before an administrative law judge ("ALJ").[2] (*Id.* ¶ 16.) The ALJ held a settlement conference, which Plaintiffs claim resulted in an oral settlement ("Oral Agreement"). (*Id.* ¶¶ 17–18.) Plaintiffs allege the ALJ memorialized the terms of the Oral Agreement on the record. (*Id.* ¶ 19.) However, Plaintiffs assert that the Board later approved a settlement document ("Approved Settlement") that materially differed from the Oral Agreement. (*Id.* ¶¶ 22–23.)

After the Board offered N.D. another IEP, Plaintiffs filed another due process petition to an ALJ[3] and moved to enforce the Oral Agreement. (*Id.* ¶ 25.) The ALJ denied Plaintiffs' motion to enforce the Oral Agreement in a June 9, 2022 Order. (*See* Jun. 9, 2022 Order, ECF No. 1-3 at *1–10.) The ALJ concluded that, based on well-established contract formation principles, "it [was] apparent that there was no enforceable contract formed between [Plaintiffs] and the Board during" the settlement conference before the ALJ. (*Id.* at 9.) First, the ALJ found that

> a review of the transcript and subsequent communications between [Plaintiffs] and [the Board] clearly establishes that the terms put on the record were not intended to be final. The record reveals that [the Board's attorney] was expressly instructed by [the ALJ] to memorialize the terms discussed on the record into a written settlement agreement. During this appearance [the ALJ] also stated: "I look forward to seeing the settlement agreement and I look forward to getting it signed and be done with."

(*Id.*) The ALJ also noted that

> counsel for the Board lacks the authority to agree to a settlement agreement without first obtaining the Board's approval. While [Plaintiffs] explicitly agreed to the terms that were put on the record, the Board did not. Board counsel sent a written memorialization to [Plaintiffs] on October 7, 2020, which [Plaintiffs] expressly rejected.

---

[2] ALJ Thomas Betancourt initially heard the matter.

[3] Following ALJ Betancourt's recusal, ALJ Julio C. Morejon heard this matter.

(*Id.*) Because the parties agreed that terms of the Approved Settlement differed from the Oral Agreement, the parties lacked mutual assent, and the Oral Agreement was unenforceable. (*Id.* at 10.)

Two months later, the ALJ consolidated several petitions filed by Plaintiffs in an August 31, 2022 Consolidation Order. (*See* Aug. 31, 2022 Order, ECF No. 1-3 at *11–22.) Finally, on September 13, 2022, the ALJ granted the Board's motion for summary decision and dismissed Plaintiffs' consolidated petitions. (*See* Sept. 13, 2022 Order, ECF No. 1-3 at *28–50.)

**B.    Procedural History**

On October 26, 2022, Plaintiffs brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. Plaintiffs appealed: (1) the ALJ's June 9, 2022 Order denying Plaintiffs' motion to enforce the Oral Agreement; (2) the ALJ's August 31, 2022 Order consolidating Plaintiffs' petitions; and (3) the September 13, 2022 Order granting the Board's motion for summary disposition. (*See* Compl.)

The matter proceeded to discovery, where three disputes arose about the adequacy of the Board's responses to Plaintiffs' requests. (*See* Pls.' Mot. to Compel., ECF No. 39; Def.'s Opp'n, ECF No. 40.) First, Plaintiffs sought responses to their interrogatories from two Board employees and a former Board member—none of whom are parties to the current action. (*See* Pls.' First Interrogs., ECF No. 32.) The Board's current Executive Director of Special Services answered the Interrogatories and provided objections. (*See* Def.'s Reply to Interrogs., ECF No. 58-1 at *123–25.)

Next, Plaintiffs' Document Request No. 1 sought all,

Written procedures, policies, directives, rules, and protocols issued by the [Board] concerning the delegation of due process and dispute resolution, encompassing aspects such as legal authority and responsibility, delegation of authority,

settlement authority, reporting requirements, approval process, confidentiality and privilege, and review and evaluation, particularly concerning special education.

(Req. for Docs. at *3, ECF No. 31-2.) The Board responded that no such documents were within its care, custody, or control. (*See* Def.'s Opp'n at 2.) However, the Board consented to Plaintiffs "propounding an additional interrogatory . . . addressing this information." (*Id.*)

Finally, Plaintiffs' Document Request No. 3 sought,

A copy of the [Board's] regulations, policies, practices, and procedures for special education, consistent with New Jersey laws and the Individuals with Disabilities Education Act (IDEA). This should include, but not be limited to, guidelines for assessments and the foundation for Individualized Education Program (IEP) planning, criteria for selecting members of the IEP team, and the responsibilities of case managers, service providers and teachers….etc.

(Req. for Docs. at *3.) The Board produced "all District Policies relating in any way to special education." (Def.'s Opp'n at 2.) However, the Board explained that "[n]o other documents responsive to Request No. 3 are in the Board's care, custody, or control." (*Id.*)

Thereafter, Plaintiffs filed a motion to compel the non-party Board employees and members to answer Plaintiffs' interrogatories, to compel production of documents responsive to Requests Nos. 1 and 3, and to disqualify the Board's counsel due to a purported conflict of interest. (*See* Pls.' Mot. at 3–4.) The Board opposed. (*See* Def.'s Opp'n.)

Judge Clark held a hearing on Plaintiffs' motion on December 9, 2024. (*See* Tr., ECF No. 58-1.) Starting with the motion to compel discovery, Judge Clark remarked that

Interrogatory Request Number 1 sought Board written procedures, policies, directive, rules and protocols concerning legal authority and responsibility, delegation of authority, settlement authority, reporting requirements, approval process, confidentiality and privilege, and review and evaluation, particularly concerning special education.

That is, frankly, overbroad. There's no way any person to whom that was directed would be able to answer that with any confidence that they were giving you what you need and what you are entitled to.

4

(*Id.* at 3:16–4:1.) After the Board's counsel stated that all documents the Board produced were responsive to Plaintiffs' interrogatory, Judge Clark addressed Plaintiffs and stated:

> If [the Board's attorney] has represented, as an officer of the Court, that he has given you everything that he's got, it's time to move on. There is -- I mean, I am not even sure that there is an entitlement to discovery in this kind of a case. This is an administrative review of a decision by a board of education in the state court, and we provided a -- or we permitted discovery so that there wouldn't be any loose ends.
>
> But, again, I could have forced everybody to brief the question of whether there's even an entitlement to discovery here. And I am not sure what the answer would be. But [the Board's attorney] agreed to provide what he has to you. He has represented that he's provided what he has to you. There is nowhere else to go with this. I mean, I can engage in procedural niceties for another six months, and you're just postponing your opportunity to make a summary judgment and have this thing decided by Judge Neals. So at this point, that's where I'm going. I'm going to give you dates to file summary judgment motions and let the judge decide this dispute.

(*Id.* at 5:20–6:14.) After denying Plaintiffs' motion to compel discovery, Judge Clark turned to Plaintiffs' motions to disqualify the Board's counsel and for sanctions. He denied both, stating:

> I don't see any grounds for granting a motion for disqualification of counsel. The knowledge that counsel's alleged to have is the knowledge that any counsel who handles cases at the administrative level and at the district court level would have, and we don't disqualify counsel for those reasons.
>
> And I don't see any ground for imposing sanctions on either side. I have every reason to believe that [the Board's counsel] received the requests from [Plaintiffs], has provided what he's got, and it's time to move on to summary judgment motions.

(*Id.* at 7:25–8:10.) Judge Clark then set a January 31, 2025 filing date for summary judgment motions. (*Id.* at 8:22.) Judge Clark memorialized his decision in a December 9, 2024 Order. (Dec. 9, 2024 Order, ECF No. 47.)

Plaintiffs timely appealed the Order, but failed to provide a transcript of the December 9, 2024 conference. (*See* Sept. 15 Order, ECF No. 56.) The Court, accordingly, dismissed the appeal

5

without prejudice to refile with the transcript. (*Id.*) Plaintiffs then refiled their appeal on October 13, 2025. (*See* Pls.' Appeal, ECF No. 58.)

This Court affirmed Judge Clark in a May 5, 2026 Opinion and Order. (*See* Op., ECF No. 61; Order, ECF No. 62.) The Court found that Judge Clark did not err in denying Plaintiffs' motion to compel responses to Document Requests Nos. 1 and 3. Specifically, the Court determined Judge Clark did not abuse his discretion in concluding that Request No. 1 was "vague, spans a potentially enormous number of documents, has no temporal limitation, and would unduly burden the Board, considering the limited relevance of those documents to an IDEA appeal," and that the Board provided all responsive documents to both requests. (Op. at 7–8.)

On May 13, 2026, Plaintiffs moved for reconsideration. (*See* Pls.' Recons. Mot., ECF No. 66.) Plaintiffs claim the Court overlooked the following arguments, which appeared in their appeal as follows:

> Additionally, [the Board] failed to:
>
> • Certify interrogatory answers under oath (Rule 33(b)(3)–(5));
> • Provide a privilege log (Rule 26(b)(5)); and
> • Produce unredacted minutes and internal communications necessary to evaluate the disputed settlement agreement.

(Pls.' Appeal at 4.) Plaintiffs further claim that the Court incorrectly considered those arguments "newly raised." (Pls.' Moving Br. at 4, ECF No. 66-1.) And Plaintiffs request the Court correct an error in stating the summary judgment deadline Judge Clark set. (*Id.*)

## II.    LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. Reconsideration is "an extraordinary remedy" courts grant "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482 (D.N.J. 2002) (citations omitted). The Court may grant a motion for reconsideration if the moving party shows (1) "an intervening change in the controlling law"; (2)

6

"the availability of new evidence that was not available when the court granted the motion"; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020) (quoting *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017)).

A motion for reconsideration "is not an appeal." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The moving party may not "relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Bosco v. Compass Grp. USA, Inc.*, No. 22-6909, 2026 WL 800530, at *2 (D.N.J. Mar. 23, 2026) (quoting *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019)). The Court will not grant a reconsideration motion based on "[m]ere disagreement with a decision of the District Court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Rather, the Court will grant a reconsideration motion "only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

## III.    **DISCUSSION**

Viewing their motion liberally, Plaintiffs appear to argue that reconsideration is warranted to "correct a clear error of law or fact or to prevent manifest injustice." *Adkins*, 820 F. App'x at 149. A court makes a clear error of law "only if the record cannot support the findings that led to the ruling." *In re Insulin Pricing Litig.*, No. 17-699, 2025 WL 2717592, at *2 (D.N.J. Sept. 24, 2025) (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)).

The record amply supports the findings that led the Court to affirm Judge Clark. As recounted in the Court's May 5 Opinion, the Court may only reverse a magistrate judge's discovery

order for abuse of discretion. (*See* Op. at 6.) A magistrate judge abuses their discretion if their decision "rests on an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)). The appealing party has the burden of demonstrating the Magistrate Judge's decisions were clearly erroneous, contrary to law, or an abuse of discretion. *Id.* "Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently." *Id.* (quoting *Evans v. Emp. Ben. Plan*, No. 03-4915, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007)).

Plaintiffs failed to meet their burden then and fail to meet it now. Initially, Plaintiffs claim the Court overlooked three one-sentence arguments in the appeal brief; specifically, that the Board did not:

- Certify interrogatory answers under oath (Rule 33(b)(3)–(5));
- Provide a privilege log (Rule 26(b)(5)); and
- Produce unredacted minutes and internal communications necessary to evaluate the disputed settlement agreement.

(Pls.' Appeal at 4.) In their appeal, Plaintiffs did not explain why *any* of those arguments showed that Judge Clark abused his discretion. While Plaintiffs' reconsideration brief now expands on those assertions, reconsideration is not the place to raise new arguments. *Bosco*, 2026 WL 800530, at *2.

More to the point, none of Plaintiffs' arguments lead the Court to conclude that Judge Clark abused his discretion as to either request.

To start, the Board complied with the interrogatory signature requirement; both the individual answering the interrogatories and the attorney making objections signed certifications. (*See* ECF No. 58-1 at *129, 133.)

Next, the record provides no grounds for the Board to produce a privilege log. To be sure, Rule 26 provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> **(i)** expressly make the claim; and
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). "The more progressive approach to interrogatories dealing with legal matters is to view them in the factual context within which they arise." *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2011 WL 5416330, at *15 (D.N.J. Nov. 7, 2011) (quoting *Microtron Corp. v. Minn. Mining & Mfg. Co.*, 269 F.Supp. 22, 25 (D.N.J. 1967)). "If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require [an] answer." *Id.* (alteration in original) (quoting *Microtron*, 269 F.Supp. at 25).

The Board raised the issue of privilege only in response to Document Request No. 1. (*See* ECF No. 58-1 at *130–31.) But Judge Clark reasonably concluded that Request No. 1 was overly broad, vague, spanned a potentially enormous number of documents, had no temporal limitation, and would unduly burden the Board, considering the limited relevance of those documents to an IDEA appeal. Correspondingly, an answer would not have served a legitimate purpose, and Judge Clark did not err in declining to require one.

Finally, Plaintiffs' assertion that the Board should be required to state whether it withheld materials is meritless. As the Board *repeatedly* represented before Judge Clark, the Board produced all responsive documents. The Board cannot produce what it does not have. Judge Clark, therefore, did not abuse his discretion in finding that the Board did not withhold required documents from Plaintiffs.

Because the record amply supports the Court's earlier findings, reconsideration is unwarranted. *In re Insulin Pricing Litig.*, 2025 WL 2717592, at *2.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration (ECF No. 66) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED: 6/16/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**